**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

PAUL ALBERT, II,

                    Plaintiff,

       v.

JOLENE JOHN, et al.,

               Defendants.

Case No. 3:25-cv-00315-SLG

## ORDER OF DISMISSAL UPON SCREENING

On November 4, 2025, self-represented litigant Paul Albert, II ("Plaintiff") filed a civil complaint, a civil coversheet, and an application to proceed without prepaying the filing fee.[1] When this case was filed, Plaintiff was imprisoned in the Goose Creek Correctional Center in the in the custody of the Alaska Department of Corrections ("DOC").[2] Plaintiff has since been released from the physical custody of DOC into supervised custody at the Cordova Center.[3]  Screening Requirement

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or

---

[1] Dockets 1-3.

[2] Docket 1 at 2.

[3] Docket 6.

officer or employee of a governmental entity.[4]  In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

> (i)  is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[6]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9]

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[13]

### II. Screening Review of Plaintiff's Claims

Plaintiff's Complaint alleges that his father was "killed/poisoned" by the four individuals he names as defendants.[14]   He contends that for many years,[15] he has

---

[10] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[14] Docket 1 at 4.

[15] Docket 1 at 5 (claiming that the alleged events occurred from March 2015 to present, but also that they have been occurring for the past 10-15 years).

been mentally tortured by these individuals and "ended up in behavioral health situations." He describes his injuries as "I was prescribed schizophrenic medications, suicide attempts and mental torture after inheritance." For relief, Plaintiff sees to "get paid for the torture, penalties including of how corruptive services needs justice served for mental torture."[16]

Even accepting Plaintiff's allegations as true, the Complaint does not allege facts that satisfy the elements of a legally cognizable civil rights claim against the named Defendants. The Complaint does not connect specific actions by Defendants to a recognized legal violation, and the Court cannot grant relief based on generalized allegations of systemic misconduct. Moreover, a civil rights action in federal court can only be brought against government officials or a local governing body, and not against private citizens.[17] Based on the nature of the allegations, the Court finds that the deficiencies in the Complaint cannot be remedied by adding additional facts consistent with the Complaint's core allegations. Therefore, the Court finds that according leave to Plaintiff to file an amended complaint would be futile.[18]

---

[16] Docket 1 at 5.

[17] *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1107 (9th Cir. 2022).

[18] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

Case No. 3:25-cv-00315-SLG, *Albert v. John, et al.*
Order of Dismissal Upon Screening
Page 4 of 5
Case 3:25-cv-00315-SLG   Document 8   Filed 03/19/26   Page 4 of 5

IT IS THEREFORE ORDERED:

1.      This action is **DISMISSED.**

2.      All pending motions are **DENIED as moot.**

3.      The Clerk shall issue a final judgment and close this case.

DATED this 19th day of March, 2026, at Anchorage, Alaska.

                                        */s/ Sharon L. Gleason*
                                        SHARON L. GLEASON
                                        UNITED STATES DISTRICT JUDGE